**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-61659-Civ-COOKE/TORRES**

MICHAEL KORS, L.L.C.,

Plaintiff,

vs.

ACTIVEJEWELRY, *et al.*,

Defendants.
_______________________________/

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

THIS MATTER is before me on Plaintiff Michael Kors, L.L.C.'s Application for Preliminary Injunction against Defendants[1] pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) (the "Application for Preliminary Injunction") (ECF No. 7). I have reviewed the Application for Preliminary Injunction and accompanying attachments, the record, and the relevant legal authorities.

Defendants have not responded to the Application for Preliminary Injunction, nor made any filing in this case, nor have Defendants appeared in this matter either individually or through counsel. Defendants were on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction. ECF No. 12 at IV(15).For the reasons discussed below, Plaintiff's Application for Preliminary Injunction (ECF No. 7) is **GRANTED**.

---

[1] Defendants are the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" hereto and Does 1-10.

## I. FACTUAL BACKGROUND[2]

Plaintiff Michael Kors, L.L.C. is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office (collectively, the "Michael Kors Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| MICHAEL KORS | 2,520,757 | December 18, 2001 | IC 018; credit card cases, handbags |
| MICHAEL KORS | 3,160,981 | October 17, 2006 | IC 014; watches |
| MK MICHAEL KORS | 3,438,412 | May 27, 2008 | IC 018; handbags |
| MK MICHAEL KORS | 3,535,310 | November 18, 2008 | IC 014; watches |
| MICHAEL KORS | 4,052,748 | November 8, 2011 | IC 014; jewelry |
| MICHAEL KORS | 4,334,410 | May 14, 2013 | IC 009; protective cases, covers and carrying cases for mobile phones, portable media players, personal digital assistants, laptops and tablet computers |

(*See* Declaration of Chandni Patel in Support of Plaintiff's Application for Preliminary Injunction ["Patel Decl."] ¶ 4.) The Michael Kors Marks are used in connection with the manufacture and distribution of goods in the categories identified above. (*Id.*)

Defendants, through the operation of Internet e-commerce stores under their seller identification names identified on Schedule "A" hereto (collectively the "Seller IDs"), have

[2] The factual background is taken from Plaintiff's Complaint (ECF No. 1), Plaintiff's Application for Preliminary Injunction (ECF No. 7), and supporting evidentiary submissions. Plaintiff filed declarations and exhibits annexed thereto in support of its Application for Preliminary Injunction. The declarations are available in the docket at the following entries: Declaration of Chandni Patel (ECF No. 8), Declaration of Kathleen Burns (ECF No. 9), Declaration of Eric Rosaler (ECF No. 11), and Declaration of Christine Ann Daley (ECF No. 10).

advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions or colorable imitations of the Michael Kors Marks. (*See* Patel Decl. ¶¶ 10-16.)

Although each Defendant may not have copied and infringed each of the Michael Kors Marks for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed at least one or more of the Michael Kors Marks at issue. (*Id.*) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Michael Kors Marks. (*See* Patel Decl. at ¶ 10.)

Plaintiff retained Aries Claim Services and AED Investigations, Inc., both licensed private investigative firms, to investigate the sale of counterfeit versions of Plaintiff's products by Defendants. (*See* Patel Decl. at ¶ 11; Declaration of Kathleen Burns in Support of Plaintiff's Application for Preliminary Injunction ["Burns Decl."] ¶ 3; Declaration of Eric Rosaler in Support of Plaintiff's Application for Preliminary Injunction ["Rosaler Decl."] ¶ 3.) Kathleen Burns, a partner at Aries Claims Services, accessed the e-commerce store under the Seller ID identified on Schedule "B-1" hereto via an Internet based social media platform and placed an order for the purchase of a product bearing at least one of Plaintiff's trademarks at issue in this action, and requested the product be shipped to her address in the Southern District of Florida. (*See* Burns Decl. ¶ 4.) Following the submission of her order, Ms. Burns was instructed that she could finalize her purchase by making payment to Defendant's PayPal account, which is identified on Schedule B-1. (*Id.*) While accessing the e-commerce store, Ms. Burns also captured and downloaded webpages reflecting the products being sold and all purchase transaction and payment instructions. (*Id.*)

Additionally, Eric Rosaler, an officer of AED Investigations, Inc., accessed the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "B-2" hereto, and placed orders from each Seller ID for the purchase of various products, all bearing at least one of Plaintiff's trademarks at issue in this action, and requested each product to be shipped to his address in the Southern District of Florida. (*See* Rosaler Decl. ¶ 4.) Following submission of his orders, Mr. Rosaler was likewise instructed that he could finalize his purchase by making payment to Defendants' respective PayPal accounts, which are identified on Schedule B-2. (*Id.*)

While accessing each e-commerce store, Mr. Rosaler also captured and downloaded webpages reflecting the products being sold and all purchase transaction and payment instructions. (*Id.*)

Plaintiff's representative visually inspected the items offered for sale under the Michael Kors Marks on the e-commerce stores operating under each of the Seller IDs, and determined the products were not genuine versions of Plaintiff's products. (*See* Patel Decl. ¶¶ 12-16.)

On August 12, 2015 Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "*Ex Parte* Application") (ECF No. 7). On August 18, 2015, I issued a Sealed Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order (ECF No. 12) thereby temporarily restraining Defendants from infringing the Michael Kors Marks at issue. On August 20, Plaintiff served Defendants in the manner set forth in the Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, and on September 1, 2015, filed proofs of service. (ECF Nos. 24 and 25.)

## II. LEGAL STANDARD

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III. ANALYSIS

The declarations Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of the Michael Kors Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Michael Kors Marks.

B. Because of the infringement of the Michael Kors Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following

specific facts, as set forth in Plaintiff's Complaint, Application for Preliminary Injunction, and accompanying declarations demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1. Defendants own or control e-commerce stores via, at least, two Internet marketplace websites and one social media platform operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2. There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of the Michael Kors Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to

believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Application for Preliminary Injunction (ECF No. 7) is **GRANTED** as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Michael Kors Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Michael Kors Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Michael Kors Marks, or any confusingly similar trademarks.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Michael Kors Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores operated or controlled by them under their Seller IDs;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Michael Kors Marks, or any confusingly similar trademarks within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to Internet based e-commerce store businesses registered by, owned, or

operated by each Defendant, including the e-commerce stores operating under their respective Seller IDs;

(4) Each Defendant shall not transfer ownership of the Internet based e-commerce store businesses under their Seller IDs during the pendency of this Action, or until further Order of the Court;

(5) Each Defendant shall preserve, and continue to preserve, copies of all their computer files relating to the use of any of the Internet based e-commerce store businesses under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

(6) Upon receipt of notice of this Order, PayPal, Inc. ("PayPal")[3] and its related companies and affiliates shall, to the extent not already done, immediately restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the PayPal accounts related to Defendants and associated payment accounts and e-mail addresses identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other related accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other PayPal accounts subject to this Order; and (iii) any other PayPal accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;

(7) PayPal shall also immediately, to the extent not already done, divert to a holding account for the trust of the Court all funds in all PayPal accounts related to Defendants and associated payment accounts and e-mail addresses identified on Schedule "A" hereto, and any other related accounts of the same customers as well as any other accounts which transfer funds into the same financial institution account(s) as any of the other PayPal accounts subject to this Order;

(8) PayPal shall further, to the extent not already done, within five business days of receiving this Order, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the PayPal account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the PayPal

[3] PayPal is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. (*See* Declaration of Christine Ann Daley in Support of Plaintiff's Application for Preliminary Injunction ¶ 4.)

account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners, until those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by PayPal for any purpose (other than pursuant to a chargeback made pursuant to PayPal's security interest in the funds) without the express authorization of the Court;

(9) This Order shall apply to the Seller IDs, associated e-commerce stores, and any other Seller IDs, e-commerce stores, or PayPal accounts which are being used by Defendants for the purpose of counterfeiting the Michael Kors Marks at issue in this action and/or unfairly competing with Plaintiff;

(10) PayPal or any Defendant or financial institution account holder may petition the Court to modify the asset restraint set out in this Order;

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(12) This Preliminary Injunction shall remain in effect during the pendency of this action, or until further Order of this Court.

**DONE AND ORDERED** in chambers, at Miami, Florida, this 2nd day of September 2015.

Marcia G. Cooke

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*
*All Defendants via email*

**SCHEDULE "A"**
**DEFENDANTS BY SELLER ID AND ASSOCIATED PAYPAL ACCOUNT**

| Defendant Number | Defendant / Seller ID | PayPal Account |
|---|---|---|
| 1 | Activejewelry | activesale2013@yahoo.com |
| 2 | cabe2an | jeanepietolek@gmail.com |
| 2 | CropDistro | candrabeta@gmail.com |
| 2 | malungpar | kamalungpar@gmail.com |
| 2 | selamet2 | jarumbasar@gmail.com |
| 3 | fanterbox | piccdrop@gmail.com |
| 4 | Roundsquare | gkwxd@live.cn |
| 5 | watcheslondon | mark_1966@hotmail.com |
| 6 | bonzuser_xxmqv | nstar5100@yahoo.com |
| 7 | ulichkina | victoriakarukin@gmail.com |
| 8 | agen_x | atpremprint@gmail.com |
| 8 | customyourown | agunwaenya@gmail.com |
| 8 | Karimata | fajarrahmandan@gmail.com |
| 8 | MiraAccessories | johandwi498@gmail.com |
| 8 | moon_beam | ig45printing@gmail.com |
| 9 | ae43sh56 | davestry2002@yahoo.com |
| 10 | monkey-sh0p | dorilev00@walla.com |
| 11 | gxf474274 | zaorikaitong@126.com |
| 12 | acquistichic | rosannese94a@gmail.com |

**SCHEDULE "B"**
**DEFENDANTS' RESPECTIVE PAYPAL ACCOUNTS**

**Schedule "B-1" - Kathleen Burns' Investigation**

| Defendant Number | Defendant / Seller ID | Defendant Type | PayPal Account |
|---|---|---|---|
| 12 | acquistichic | Instagram, Inc., Seller ID | rosannese94a@gmail.com |

**Schedule "B-2" - Eric Rosaler's Investigation**

| Defendant Number | Defendant / Seller ID | Defendant Type | PayPal Account |
|---|---|---|---|
| 1 | Activejewelry | Bonanza, Inc. Seller ID | activesale2013@yahoo.com |
| 2 | cabe2an | Bonanza, Inc. Seller ID | jeanepietolek@gmail.com |
| 2 | CropDistro | Bonanza, Inc. Seller ID | candrabeta@gmail.com |
| 2 | malungpar | Bonanza, Inc. Seller ID | kamalungpar@gmail.com |
| 2 | selamet2 | Bonanza, Inc. Seller ID | jarumbasar@gmail.com |
| 3 | fanterbox | Bonanza, Inc. Seller ID | piccdrop@gmail.com |
| 4 | Roundsquare | Bonanza, Inc. Seller ID | gkwxd@live.cn |
| 5 | watcheslondon | Bonanza, Inc. Seller ID | mark_1966@hotmail.com |
| 6 | bonzuser_xxmqv | Bonanza, Inc. Seller ID | nstar5100@yahoo.com |
| 7 | ulichkina | Bonanza, Inc. Seller ID | victoriakarukin@gmail.com |
| 8 | agen_x | Bonanza, Inc. Seller ID | atpremprint@gmail.com |
| 8 | customyourown | Bonanza, Inc. Seller ID | agunwaenya@gmail.com |
| 8 | Karimata | Bonanza, Inc. Seller ID | fajarrahmandan@gmail.com |
| 8 | MiraAccessories | Bonanza, Inc. Seller ID | johandwi498@gmail.com |
| 8 | moon_beam | Bonanza, Inc. Seller ID | ig45printing@gmail.com |
| 9 | ae43sh56 | Bonanza, Inc. Seller ID | davestry2002@yahoo.com |
| 10 | monkey-sh0p | Bonanza, Inc. Seller ID | dorilev00@walla.com |
| 11 | gxf474274 | iOffer, Inc. Seller ID | zaorikaitong@126.com |